13  105<br>15  147<br>15  207

## THOMAS ET AL. v. CHISHOLM ET AL.

1. MINING SUITS — ADVERSE CLAIMS — PLEADINGS AND EVIDENCE.— In an action to determine an adverse claim both parties are to be regarded as actors. The defendant cannot rely on the weakness of the plaintiff's title for a recovery, as in ordinary ejectment cases, but both parties are required to aver and prove compliance with the state and federal statutes.

2. LOCATION BY CORPORATIONS — FACTS TO BE ALLEGED.— A corporation organized under the laws of the United States, or of any state or territory thereof, may make a valid location of a mining claim, provided the members are citizens of the United States and severally qualified to make a location. To warrant a recovery in an adverse proceeding by a party whose title is based wholly or in part upon an entry and location by a corporation, he must allege and prove the organization of such corporation and the qualifications of its members.

*Error to District Court of Chaffee County.*

ACTION to determine adverse mining claim, brought by Edwin E. Thomas, Cyrus W. Pusher and John Taylor against Robert Chisholm, Mary J. Riggins, H. E. Chapman and John P. Hudgent. Verdict and judgment for defendants, and plaintiffs bring error.

Mr. P. J. COSTON, for plaintiffs in error.

Mr. H. W. HOBSON and Mr. M. G. CAGE, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The parties to this action occupied the same positions as plaintiffs and defendants in the court below as in this court. Defendants having applied for a patent to a certain mining claim, known as the "Tecumseh Lode," plaintiffs filed their adverse claim thereto, and commenced this action, claiming the same premises under the name of the "Starlight Lode." The defendants based their title upon a prior location made by one Joseph Hudson and the Kansas City Mining & Smelting Company. The testimony tended to show that said smelting company was a corporation organized under the laws of the state of Colorado; but the averments of the answer do not show the organization to have been either an association of persons unincorporated, or a corporation organized under the laws of the United States, or of any state or territory thereof; nor is the character, capacity or citizenship of the organization, or of any of its constituent members, or of Joseph Hudson, in any manner set forth in the answer.

The verdict and judgment were in favor of the defendants, and plaintiffs bring the case to this court by writ of error.

The principal question submitted for our determination is, Can a corporation organized under the laws of

the United States, or some state or territory thereof, make a valid location of a mining claim? At the time of the submission of this cause in this court there had not been an authoritative determination of this question; but we regard the opinion recently delivered by the supreme court of the United States in the case of *McKinley v. Wheeler*, 9 Sup. Ct. Rep. 638, as decisive of the question. In that case the plaintiff, McKinley, based his title in part upon a location made by a corporation, all the members of which were citizens of the United States, and were severally and individually qualified and competent to enter upon the public domain, and acquire title to mineral lands upon it by discovery and location. The complaint showed these facts. The defendants demurred to the complaint on the ground that the corporation could not make a valid location. Mr. Justice Field, delivering the opinion of the court, says: "Section 2319 of the Revised Statutes must be held not to preclude a private corporation formed under the laws of the state, whose members are citizens of the United States, from locating a mining claim on the public lands of the United States."

It is quite unnecessary to repeat, as it would be quite impossible to improve upon, the reasoning by which the learned jurist arrives at the conclusion above stated. Defendants in the case at bar having recovered a general verdict in their favor, the judgment thereon must be reversed, unless the title of defendants to the ground in controversy was legally established according to the act of congress of March 3, 1881, amending sec. 2326, R. S. U. S. Since that amendment both parties in adverse proceedings are to be regarded as actors, and a defendant cannot rely upon the weakness of the plaintiff's title, as in ordinary ejectment cases. Consequently, in this action, defendants could not recover a valid verdict and judgment in their own favor without showing compliance with the requirements of the statutes, state and

federal, such as would entitle them to a patent from the United States. *McGinnis v. Egbert*, 8 Colo. 41; *Becker v. Pugh*, 9 Colo. 589; *Manning v. Strehlow*, 11 Colo. 451.

It follows, therefore, that defendants, in so far as they rely upon an entry and location by a corporation, must, before they are entitled to such a verdict and judgment as they obtained, aver that the corporation was organized under the laws of the United States, or of some state or territory thereof, and that the members of such corporation were citizens of the United States, and severally and individually qualified and competent to make the location. As to what might amount to *prima facie* proof of citizenship in a case of this kind, in view of sec. 2321, R. S. U. S., we intimate no opinion. *McKinley v. Wheeler, supra; Lee Doon v. Tesh*, 68 Cal. 43; *Mining Co. v. Mining Co.* 1 Fed. Rep. 522.

The allegations of defendants' answer are defective in the necessary averments as to the citizenship of Joseph Hudson, as well as of the members of the corporation making the location, and there is no evidence in the record showing or tending to show the citizenship of said Hudson or of the members of said corporation. The certificate of incorporation offered in evidence by defendants should not have been received over plaintiffs' objection, in the absence of proper averments in the answer. The objection to the capacity of the corporation under whom defendants claimed title to make a valid location is not raised for the first time in this court, but was made and relied upon at the trial substantially, though not precisely, as here considered. Under the authorities the objection was well taken, and it was error to overrule it. *O'Reilly v. Campbell*, 116 U. S. 418; *Jackson v. Dines, ante,* p. 90.

The judgment of the district court is reversed, and the cause remanded, with leave to the parties to amend their pleadings, and for further proceedings in accordance with this opinion.

*Reversed.*