**[No. 4093.]**

KIRK ET AL. V. MELDRUM ET AL.

1. MINES AND MINING—ADVERSE SUITS—EVIDENCE—TRESPASS.

In an action in support of an adverse against the issuance of a patent to a mining claim it is incumbent on plaintiff to show as one of the material facts necessary to establish the validity of his location, that it was on unoccupied and unappropriated mineral domain subject to location. Title to a mining claim cannot be initiated by an entry upon a prior valid, existing location.

2. SAME—BURDEN OF PROOF.

In an adverse suit where the defendants were in possession and occupancy of the land in controversy at the time plaintiffs claimed

| 28 | 453 |
| 17a | 101 |
| 18a | 377 |
| 28 | 453 |
| 33 | 348 |
| 28 | 453 |
| f34 | 344 |
| 28 | 453 |
| f37 | 186 |

to have made their location and it was claimed that defendants' original location did not include the land in controversy and that after plaintiffs had made their location defendants amended their location certificate so as to include the controverted land the burden is on the plaintiffs to show that their location was prior to the amendment and that by the amendment defendants extended their boundaries to plaintiffs' prejudice. And in the absence of such showing it cannot be presumed that defendants changed their boundaries to plaintiffs' prejudice after plaintiffs' location was made.

3. PRACTICE—EVIDENCE REJECTED—MATERIALITY.

The ruling of the trial court in rejecting evidence will not be held as erroneous and prejudicial to the party offering it unless it appears from the record that the evidence offered and rejected was material.

4. MINES AND MINING—IMPROVEMENTS ON ONE CLAIM FOR BENEFIT OF ANOTHER.

The facts that the improvements on a placer mining claim were utilized for the benefit of a tunnel site would not invalidate the placer location. Neither would the validity of such location depend upon the extraction of ore therefrom.

5. PRACTICE—ADVERSE SUITS—NONSUIT.

The provision of section 2326 U. S. Rev. Stats. to the effect that in adverse proceedings if title to the ground in controversy is not established in either party, the jury shall so find, and judgment shall be entered accordingly, does not preclude the court from entering a judgment of nonsuit upon defendant's motion where plaintiff fails to prove facts necessary to make a *prima facie* case. The plaintiff having failed to prove a cause of action cannot complain that the cause was dismissed. And the defendant may determine for himself whether or not he desires a verdict upon which a judgment can be based affirmatively establishing his ownership and right of possesssion, and whether he will introduce evidence to secure such verdict.

6. MINES AND MINING—PLACER LOCATIONS—AREA.

The area of a placer location is limited to twenty acres to each locator, but a number of individuals may locate a claim in common, not exceeding twenty acres to each person, and not to exceed one hundred and sixty acres in any one claim.

7. SAME—LOCAL RULES AND CUSTOMS.

In an adverse suit against a placer location if plaintiff wishes to attack the validity of defendant's location on the ground that the local rules and regulations of the district have not been com-

plied with, it is necessary for plaintiff to show what such rules and regulations are.

8. MINES AND MINING—AMENDED CERTIFICATES—PLACER CLAIMS

Section 3160 Mills Ann. Stats. providing that the locator of any mining claim may file an additional certificate thereon subject to the provisions of the act, embraces all classes of mining claims and is applicable to placer claims.

*Appeal from the District Court of San Miguel County.*

Mr. L. C. KINIKIN and Mr. H. B. O'REILLY for appellants.

Mr. M. B. GERRY and Mr. CALVIN E. REED for appellees.

Mr. JUSTICE GABBERT delivered the opinion of the court.

This action was commenced by appellants, as plaintiffs, in support of their adverse, as the owners of the Polly placer, against the issuance of patent to the Ada placer, property of the appellees. At the conclusion of the testimony on the part of plaintiffs, the defendants moved for a nonsuit for the reason that it had not been shown that the Polly was located on unoccupied public domain, and as a matter of fact, that the locators knew at the time of location that the ground embraced within the boundaries of the Polly placer was claimed by the defendants as the Ada placer, and had been worked by them, and that they were in the undisputed possession of such premises. Plaintiffs, at their request, were then permitted to introduce further testimony. At the conclusion of this evidence, the defendants, again renewed their motion for a nonsuit, which was sustained, the cause taken from the jury, and the action dismissed at the cost of plaintiffs. From this judgment they bring the case here for review on appeal. The two principal points urged by counsel for plaintiffs are (1) that the court erred in taking the case from the jury; and (2) there can be no nonsuit in an adverse case.

In support of the first proposition it is claimed that the un-

contradicted testimony on the part of plaintiffs establishes that the Polly was located upon public domain subject to location. On behalf of defendants it is contended that this testimony discloses that the Polly was located upon ground which at the time of such location was occupied and possessed by defendants who had erected boarding houses, blacksmith shops, bunk houses, and other improvements thereon, of which they were in possession. The radical difference between counsel with respect to what the testimony establishes arises from the conclusions which the witnesses and counsel deduce from the real facts, rather than from any dispute as to what the material testimony is. The Ada was located July 16, 1895; the Polly, July 13, 1898. Two witnesses on behalf of the plaintiffs testified that the location of the Polly was made upon unoccupied public domain. These statements appear to be based upon the fact that between about the first of June and the fourth of July preceding the date of the location of the Polly, the defendant Meldrum had stated to them that he had discovered that the ground in controversy was vacant, or that in assisting in making a survey in which he was interested, it was ascertained that such premises had not been claimed by any one. These witnesses also state ( and with respect to which there is no dispute) that at the time of the location of the Polly, and for a long time prior, the defendant Meldrum was in the actual possession of the premises in controversy; that he had erected thereon a blacksmith shop and boarding and bunk house, which were used and occupied; that there was also upon the premises the dump of the Meldrum tunnel, and a ditch constructed by Mr. Meldrum, or under his direction; that one of the discoveries upon which plaintiffs relied to support their location was made in the very near vicinity of the blacksmith shop, and that all the discoveries were made by plaintiffs and others while they were in the employ of the defendant Meldrum. The latter was also called as a witness on behalf of plaintiffs, and stated, in substance, that the territory embraced in the Polly placer was

within the boundaries of the Ada. It also appears from the evidence that some time subsequent to the date of the conversation between the witnesses and defendant Meldrum with respect to the ground in controversy being vacant, an amended location certificate was filed upon the Ada. It is asserted in the brief of counsel for plaintiffs that this amended certificate was filed after the location of the Polly, but we find nothing in the record bearing on the date of such filing which is material.

The foregoing is all the testimony on the subject of the occupancy of the disputed premises at the date the Polly was located. This testimony not only fails to show that at the date of the location of the latter the territory embraced therein was unoccupied, but on the contrary establishes that it was wholly within the boundaries of the Ada, of which the defendants were in the actual possession at the time of the location of the Polly. This was sufficient to *prima facie* establish that the Ada was a valid, existing location—*Lebanon M. Co. v. Republican M. Co.,* 6 Colo., 371. It was incumbent upon plaintiffs to show as one of the material facts necessary to establish the validity of their location, that it was on unoccupied and unappropriated mineral domain, subject to location. *Cleary v. Skiffich, Ante* 362, 65 Pac. Rep. 59. *Armstrong v. Lower,* 6 Colo., 393.

Title to a mining claim can not be initiated by an entry upon a prior valid, existing location. *Moyle v. Bullene,* 7 Colo., 308.

The fundamental principle governing the rights of parties to claims upon the public domain is, that the *bona fide* occupant, for a purpose recognized by the law, is entitled to hold possession as against one subsequently attempting to initiate title to the same premises, unless the latter establishes a state of facts clearly demonstrating that the actual occupant is in possession without right. In a question propounded to Mr. Meldrum it is assumed that an amended certificate was filed on the Ada on August 18, 1898, but we cannot presume that this is the amended certificate to which the witnesses for plaintiffs refer. We under-

stand the contention of counsel for plaintiffs to be (although the record is not altogether clear upon this proposition) that an amended certificate on the Ada so changed its boundaries that it included the ground upon which the Polly was located. In the absence of any testimony tending to disclose when such certificate was filed it cannot be assumed that the boundaries of the Ada were so changed to the prejudice of plaintiffs. It was necessary for them to establish this fact affirmatively. There was ample time between the date when they say Mr. Meldrum stated that the premises located as the Polly were vacant and the date of such location for the defendants to have amended the boundaries of the Ada.

It is urged by counsel for plaintiffs that the ruling of the court, in not permitting certain questions to be propounded to the defendant Meldrum at their instance, was prejudicial, in that if such questions had been permitted to be answered, they might have disclosed that the Ada placer was not a valid location or claim. These propositions are designated in the assignment of errors as follows:

(a) In refusing to require Mr. Meldrum (defendant) to testify as to whether the plat C of the original and amended Ada placer location and of the Polly placer was correct, or nearly so.

(b) In refusing to require him to state what was on the original discovery stake of the Ada placer located by him in July, 1895.

(c) In refusing to require him to testify as to the differences in form, location, etc., of the original Ada location of 1895, and the amended location thereof of August 18, 1898.

(d) In refusing to require him to testify as to what was ever done in or about the Ada placer that was not done under and by virtue of, and for, the Meldrum tunnel site.

(e) In refusing to require him to testify as to whether any ore was ever extracted by him from the Ada placer.

The plat referred to does not appear in the bill of exceptions,

and we are unable to determine whether it was material or not. In the circumstances of this case, so far as shown by the record, it is immaterial what the original notice posted on the Ada may have stated. If it appeared that an amended certificate of the Ada was filed after the location of the Polly, and that it in fact embraced the territory included within the latter, it might have become material to show the difference in form of the original Ada location and the amended, but this material fact is not shown. It was assumed, in a question to the defendant, that such an amended certificate was filed August 18, 1898, but we cannot assume from this question that its boundaries, as defined at the date of the location of the Polly, were changed to the prejudice of plaintiffs by a certificate filed in August, 1898.

By reference to the bill of exceptions it appears that the defendant Meldrum was asked what work was performed in and about the Ada that was not used under and by virtue of the Meldrum tunnel site. If the improvements on the Ada were utilized for the benefit of the tunnel, such action would not invalidate the Ada location. Neither would the validity of such location in any manner depend upon the extraction of ore therefrom.

The second proposition for appellant is based upon the requirements of the amendment to section 2326, Rev. Stats. U. S., which provides that in adverse proceedings if title to the ground in controversy is not establsihed in either party, the jury shall so find, and judgment shall be entered accordingly. If a verdict had been returned, it should have conformed to the law. The jury, however, was not required to make any findings. The court held that plaintiffs had failed to prove the facts necessary to make a *prima facie* case. This entitled defendants to a nonsuit as to plaintiff's cause of action—Sec. 166, Code. Defendants did not ask for a verdict or obtain an affirmative judgment in their favor. In addition to a motion for nonsuit, they asked that the cause be dismissed. Plaintiffs, having failed to prove a cause

of action, cannot complain that the action was dismissed.   True, their failure to establish title to the Polly did not relieve the defendants from the necessity of establishing their ownership and right of possession to the Ada, if they desired a verdict upon which a judgment could be predicated affirmatively establishing their ownership and right of possession to the disputed premises. If, however, the defendants did not see fit to introduce evidence and secure a verdict in accordance with the provisions of section 2326 *supra*, that was a matter which they could determine for themselves.   The provision in question only prescribes what shall be found by the jury if a verdict is returned.   If one party is nonsuited and the action dismissed, as in this instance, the law is not violated, nor is there anything in the law which prohibits this course.

It is urged that the Ada location is void because it embraced more than twenty acres, and that placer locations are governed wholly by local rules and regulations, and also that the law does not permit an amended certificate to be filed upon a placer.   The Ada was located by the defendants.   Its area, as originally claimed, or as embraced within the amended location certificate, did not exceed forty acres.   The construction of the act of congress with respect to placers has universally been that the act makes provision for such locations, and prescribes the area which may be located.   In other words—the area is limited to twenty acres to each locator, and that a number of individuals may locate a claim in common, not exceeding twenty acres to each person, and not exceeding one hundred and sixty acres in any one claim —Morrison's Mining Rights (10th edition), 179.   It may be true that the location of placers can be controlled by local rules, regulations and laws not in conflict with the act of congress on the subject, but that is immaterial in this instance.   If plaintiffs wished to attack the validity of the Ada location upon the ground that such local rules and regulations had not been complied with by the locators, it was necessary for them to show what such rules

and regulations were.   Section 3160 Mills Ann. Stats. provides that the locator of any mining claim may file an additional certificate thereon subject to the provisions of the act.   This section embraces all classes of mining claims, and therefore those known as placers.

The judgment of the district court is affirmed.

*Affirmed.*