[No. 2208.]

CONNOLLY v. HUGHES ET AL.

**Mines and Mining—Adverse Suit—View of Premises.**

In an adverse suit to determine the right to a mining claim where the plaintiff's claim was put in issue by the pleading and he introduced no evidence whatever in support of his claim, he was not entitled to demand a view of the premises by the jury

as provided in section 188a, Mills' Ann. Code, and a denial of such demand by the trial court was not error.

*Error to the District Court of Lake County.*

*On Rehearing.*

Messrs. BLAKE & THOMPSON, for plaintiff in error.

Mr. ALFRED MULLER, for defendants in error.

Mr. H. H. HINDRY, of counsel.

THOMSON, J.

The defendants in error made application in the proper land office for a United States patent to the Populist lode mining claim. Within the period prescribed by law, the plaintiff in error, claiming title to the Prospect No. 1 lode mining claim, the surface boundaries of which embraced a portion of the territory covered by the location of the Populist claim, filed his adverse claim against the application, and in due time commenced this suit to try and determine the title to the ground in conflict. In his complaint he alleged the location of his claim upon a portion of the unoccupied and unclaimed mineral domain of the United States, as to the location, averred compliance in all respects with the laws of the United States and of the state of Colorado, and demanded judgment for, the portion of the claim embraced in the application for patent.

The defendants answered denying the allegations of the complaint, averring the prior location of the Populist claim in compliance with the laws of the United States and of the state of Colorado, and demanding judgment in their favor for the ground in dispute. The allegations of the answer with respect to location were denied by replication.

Before entering upon the trial, it was stipulated by the parties that except as to the discovery of a

vein upon it, each of the claims had been located in compliance with law. The stipulation left for trial only the question of discovery upon the respective claims. There was verdict and judgment for the defendants.

The abstract furnished by the plaintiff gives us none of the evidence, but says, simply, that it was conflicting. Supplemental abstract, prepared by the defendants, says that upon the filing of the stipulation the defendants introduced evidence in support of their claim, and that thereupon the court instructed the jury.

It appears inferentially from the abstract furnished by the plaintiff, that at some point in the course of the trial the plaintiff asked the court to send the jury in a body to view and inspect the premises, and that the request was refused. The refusal is assigned for error, and no other error is alleged.

It appears that the plaintiff introduced no evidence whatever in support of his claim. Section 188a of Mills' Annotated Code provides as follows:

"In all suits, actions and proceedings now pending or which may hereafter be brought, in any court of this state involving the title to, the right of possession of, or the mineral contained in, any mine or mining claim, it shall be the duty of the court, at the trial of such suit, upon the application of either party interested therein, to send the jury empanelled in the case, in a body, to view and inspect the premises."

The original argument for the plaintiff was confined to the support of the proposition that the foregoing language is mandatory, and that, therefore, the court had no discretion to refuse the application. We are not disposed to question counsel's construction of the section; and as to that, the opposing counsel do not take issue with him. But at the trial

the plaintiff made no effort to sustain his alleged title. By his conduct he confessed that he had none. If he had no title there could be no recovery by him, and he was without interest in the result. The section contemplates a case where some fact, open to observation, upon which title or right of possession is predicated, is in dispute between the parties; and its theory is that a personal inspection will enable the jury more understandingly to consider and weigh the testimony they have respectively introduced.— See *Fleming v. Daly,* 12 Colo. App., 439, 449.

But a plaintiff whose title is denied, and who offers no evidence in his own behalf, is not in a position to demand the inspection for which the section provides. The inspection is not allowed as a substitute for evidence. The plaintiff, by making no effort to establish his alleged discovery, conceded that none was ever made; and if none was made, he had nothing which could be the subject of inspection. An inspection could be of no manner of benefit to him, and he was, therefore, not injured by the refusal to order it.

But it is now urged that by virtue of the act of congress of March 3, 1881, 21 U. S. Statutes at Large, p. 505, which provides that if, in any action brought pursuant to section 2326 of the Revised Statutes, title to the ground in controversy shall not be established by either party, the jury shall so find, and judgment shall be entered according to the verdict, the general government is a party in interest represented by each of the parties to the suit for the purpose of seeing that the other party does not prevail without proof that he has complied with all the requirements of the law respecting the acquisition of title upon the mineral domain of the United States. This point is made for the first time in the petition for rehearing, and it is argued that, as a representa-

tive of the general government, the plaintiff was entitled to an allowance of his demand for a personal inspection of the premises by the jury. Under what circumstances the United States may be said to be interested in the result of a suit brought upon an adverse claim, must be determined from the language of section 2326 of the Revised Statutes to which the act of 1881 refers. That section provides that upon the filing of the adverse claim, the proceedings for a patent shall be stayed until the controversy shall have been settled or determined by a court of competent jurisdiction, or the adverse claim waived; that the adverse claimant shall commence suit upon his claim within thirty days after its filing, and proceed with reasonable diligence to final judgment; and that his failure to do so shall be a waiver of his adverse claim. It seems clear from the foregoing language that a waiver of the adverse claim leaves the applicant at liberty to continue his proceedings for a patent. The waiver concludes the controversy between him and the adverse claimant as completely as a final judgment in the suit. Now, there is nothing in the act of 1881 to render it applicable where there is such waiver. It contemplates a prosecution of the action brought pursuant to section 2326, and a trial and determination of the hostile claims asserted by the parties to the record; and it is only upon such trial, that the jury may find that neither party has established title.

The waiver of his claim by the adverse claimant, or a final judgment in favor of either party, does not conclude the general government. If there has been a failure of compliance with the terms upon which its grant of title is conditioned, proceedings may be instituted in its behalf and in its name to arrest the issuance of patent, or to annul it after it is issued; but to a suit between individual claimants

of a portion of its domain, it is not a party, and is interested incidentally only to the extent that upon the trial of the issues between the parties to the record, neither shall have judgment unless he shall have established his title. The only verdict affecting its interest which the statute authorizes, is one that neither of those parties has established his title; but a matter which is not in dispute cannot be properly submitted to a jury for a finding; and a confession by one of them that he is without title, removes all question as to his rights from the consideration of the jury; so that, in such case, their finding, if the case remains with them, must be confined to the showing made by the other party. But this is not the finding for which the statute provides. If there is any sense in which either party can properly be said to be a representative of the United States, he is such only while he is engaged in active efforts to sustain his own claim, and thereby defeat the claim of his adversary.

By the terms of section 2326, the plaintiff's failure to produce evidence was a waiver of his claim; and by the waiver, the stay upon the defendant's proceedings for a patent was removed. The defendant, without the introduction of evidence in his own behalf, was entitled to a judgment of nonsuit against the plaintiff, and to a dismissal of his action.—*Kirk v. Meldrum,* 28 Colo. 453, 65 Pac. 633.

Instead of moving for a nonsuit, the defendant proceeded to introduce evidence in support of his own title; but the plaintiff was as completely out of the case as if his action had been dismissed, and the question for the jury to determine was not whether neither party had established title, but whether the defendant had. The plaintiff's claim had ceased to be an obstacle in the way of the application for patent; but, the defendant having waived his right

to a nonsuit, it devolved upon him affirmatively to prove the facts from which, under the law, title in him might be deduced. This, however, he had the right to do without molestation from the plaintiff. In a trial of the conflicting claims of parties to an adverse suit, it is held that neither can rely upon the weakness of title of the other, but must independently establish his own. And in addition to his evidence in his own behalf, he has the right to disprove the evidence on which the other relies. But one, although a party to the record, who asserts no title in himself, cannot claim the right to attack the title of the other. Having no interest of his own to be subserved by the overthrow of the other's claim, his position is that of a stranger; and if he undertakes to interfere with proceedings in which he has no concern, he is an intermeddler. Our attention must be directed to some law of which we are now ignorant, before we should feel warranted in saying that a stranger or an intermeddler can be a representative of the United States in an adverse suit, even although it was instituted by himself.

By virtue of the situation in which the plaintiff placed himself, he lost the right to contest, in his own behalf, the defendant's title, and lost any right he may have had to safeguard the interests of the United States. His demand for an inspection by the jury, was entitled to no consideration.

The judgment should be affirmed.

*Affirmed.*