[No. 4620.]

McWilliams et al. v. Winslow.

1. **Mining Claims—Location—Public Domain.**

The location or relocation of a mining claim can only be made upon unoccupied public domain and in an adverse suit it is incumbent upon plaintiffs to show as one of the material facts necessary to establish the validity of their location that the ground they sought to locate was unoccupied and unappropriated public domain subject to location.

2. **Mines and Mining—Adverse Suits—Nonsuit.**

In an adverse suit where plaintiffs failed to prove that their location was made upon unappropriated public domain and the defendant did not introduce evidence and secure a verdict in accordance with section 2326, U. S. Revised Stats., a nonsuit was properly granted.

*Appeal from the District Court of Gunnison County:*
*Hon. Theron Stevens, Judge.*

Messrs. Brown & Nourse and Mr. S. D. Crump, for appellants.

Mr. Dexter T. Sapp, for appellee.

Mr. Justice Maxwell delivered the opinion of the court.

Appellants as plaintiffs commenced and prosecuted this action in support of their adverse as the owners of the Adeline Clea No. 1 and the Adeline Clea No. 2 lode mining claims against the issuance of patent to the Maggie F. No. 4 and the Maggie F. No. 5 lode mining claims property of appellee.

At the conclusion of plaintiffs' evidence defendant moved a nonsuit, for the reason that it did not appear from the evidence that the ground claimed by plaintiffs as the Adeline Clea No. 1 and the Adeline Clea No. 2 was unoccupied and vacant public domain subject to location at the time plaintiffs claimed to have located the same.

This motion was sustained; the case taken from the jury and the action dismissed at plaintiffs' cost, from which judgment is this appeal.

In this court plaintiffs abandon their case as to the Adeline Clea No. 2, but insist that the judgment should have been in plaintiffs' favor as to the Adeline Clea No. 1.

At the trial it was admitted that the claims involved were identical in description and boundaries; that June 30, 1891, defendant and his grantors performed all of the physical acts necessary to the location of the Maggie F. No. 4 and the Maggie F. No. 5 except the discovery of mineral; that January 1, 1900, the plaintiffs and their grantors performed all of the physical acts necessary to the location of the

Adeline Clea No. 1 and the Adeline Clea No. 2 except the discovery of mineral; that both parties were possessed of paper title to their respective locations and that plaintiffs' adverse claim was filed in due time.

The complaint alleged that the plaintiffs claim the right to occupy and possess the premises in controversy by actual prior possession as lode mining claims located on the public domain of the United States.

The answer put in issue this averment and affirmatively alleged that at the time plaintiffs claimed to have located the premises the same were in the actual and undisturbed possession of the grantor of the defendant, who was then actually engaged in working and operating said property as mining claims.

The oral testimony introduced at the trial was for the purpose of proving that mineral had been discovered on plaintiffs' claims and that the assessment work for the year 1901 had been performed.

There is not a word of testimony in the record even tending to prove that the ground included within the exterior boundaries of plaintiffs' claims at the date of the alleged location was vacant or unoccupied mineral domain of the United States subject to location.

It was admitted that almost nine years prior to plaintiffs' location defendant and his grantors had located the ground, and plaintiffs testified that mineral had been discovered thereon previous to their attempted location. Manifestly this was an attempt to relocate the ground.

The location or relocation of a mining claim can only be made upon unoccupied and unclaimed public domain, and it was incumbent upon plaintiffs to show as one of the material facts necessary to establish the validity of their location that the ground they sought to locate was unoccupied and unappropriated public

mineral domain subject to location.—*Kirk v. Meldrum,* 28 Colo. 453, 457, and cases cited.

Plaintiffs utterly failed to bring themselves within the rule above announced and therein failed to establish their title to the Adeline Clea No. 1. Wherefore there was no error in granting the motion of nonsuit unless it be, as contended by plaintiffs, the amendment to section 2326, Rev. Stats. U. S., prohibits nonsuits in cases of this character.

This express question is ruled in *Kirk v. Meldrum, supra,* at page 459, where it is said: "The second proposition for appellant is based upon the requirements of the amendment to section 2326, Rev. Stats. U. S., which provides that in adverse proceedings if title to the ground in controversy is not established in either party the jury shall so find and judgment shall be entered accordingly. If a verdict had been returned, it should have conformed to the law. The jury, however, was not required to make any findings. The court held that plaintiffs had failed to prove the facts necessary to make a *prima facie* case. This entitled defendants to a nonsuit as to plaintiffs' cause of action.—Sec. 166, Code. Defendants did not ask for a verdict or obtain an affirmative judgment in their favor. In addition to a motion for nonsuit they asked that the cause be dismissed. Plaintiffs having failed to prove a cause of action cannot complain that the action was dismissed. * * * If, however, the defendants did not see fit to introduce evidence and secure a verdict in accordance with the provisions of section 2326, *supra,* that was a matter which they could determine for themselves. The provision in question only prescribed what shall be found by the jury if a verdict is returned. If one party is nonsuited and the action dismissed, as in this instance, the law is not violated nor

is there anything in the law which prohibits this course.''

See also *Carnahan v. Connolly,* 17 Colo. App. 98, 101.

There being no error in the ruling of the court below, the judgment will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GUNTER concur.