[No. 7596.]

CUENIN v. CHLORIDE MINING & PROSPECTING COMPANY.

1. MINING CLAIMS—*Application for Patent—Adverse Claim—Equitable Defense.* Where it appears that whatever right the plaintiff in an adverse suit has in the premises in controversy is equitably the property of the defendant, a non-suit should be entered. It is not necessary to call a jury. It is proper to determine the issues raised upon the equitable defense, in the first instance. (322)

The court may require the adverse claimant to convey to the applicant for patent. (321)

2. ADVERSE CLAIM—*Waiver.* An adverse claim may be waived by a failure to file it within the statutory period, by voluntary dis-

missal in the land office, by a conveyance to the applicant for a patent, or by discontinuance of the action brought to support it. (323)

*Appeal from Saguache District Court.*—Hon. CHAS. C. HOLBROOK, Judge.

Mr. G. K. HARTENSTEIN, for appellant.

Mr. HENRY W. RIBLETT and Mr. ALBERT L. MOSES, for appellee.

Mr. JUSTICE WHITE delivered the opinion of the court:

August 16, 1910, The Chloride Mining and Prospecting Company applied for a patent on a group of six mining claims. Thereupon Cuenin filed his adverse in the land office against Chloride No. 4, one of such claims, as being in conflict with his Reva C. claim, and brought this suit in support of the same. The answer conceded the overlapping of the claims, and that the location of the Reva C. antedated that of Chloride No. 4, but set forth in a cross-complaint facts showing that the Reva C. actually and equitably belonged to the Chloride Mining and Prospecting Company, and prayed that Cuenin be required to convey the same to that company and that his adverse claim be dismissed. The issues thus raised by the cross-complaint were tried to the court without a jury, found in favor of the company, and a decree entered as prayed. Cuenin brings the matter here for review. He claims that the cross-complaint did not state facts sufficient to constitute a defense to the suit. We cannot concur in this view of the matter. While the truth of the allegations of the cross-complaint would not determine the validity of the location of either the Chloride No. 4 or the Reva C., or the right of patent thereto, it would, nevertheless, determine the right of possession of the ground in dispute as between the company and Cuenin, and leave for determination only the

question of the right of the occupant, as against the Federal Government.

When the truth of the allegations set forth in the cross-complaint was established, as it was by ample evidence, it entitled the defendant to a nonsuit as to plaintiff's cause of action. The alleged rights of plaintiff, upon which he based his adverse claim, were, by operation of law, invested in the defendant. Thus plaintiff's apparent cause of action ceased to exist, and, there being no conflict of interest, it was unnecessary that a jury be required to make any findings whatever. Failure of Cuenin to establish title to the Reva C., and the judgment of ownership and right of possession thereto in the defendant, have not relieved the latter of the necessity of establishing its ownership and right of possession to the Chloride No. 4. As said in *Kirk v. Meldrum,* 28 Colo. 453, 459, 65 Pac. 633, 635:

"Plaintiffs, having failed to prove a cause of action, cannot complain that the action was dismissed. True, their failure to establish title to the Polly did not relieve the defendants from the necessity of establishing their ownership and right of possession to the Ada, if they desired a verdict upon which a judgment could be predicated, affirmatively establishing their ownership and right of possession to the disputed premises. If, however, the defendants did not see fit to introduce evidence and secure a verdict in accordance with the provisions of section 2326 *supra,* that was a matter which they could determine for themselves. The provision in question only prescribes what shall be found by the jury if a verdict is returned. If one party is nonsuited and the action dismissed, as in this instance, the law is not violated, nor is there anything in the law which prohibits this course."

Section 2326 Rev. Stats. of the United States provides, *inter alia,* that where an adverse claim is filed during the period of publication, all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been *settled* or decided by a court of compe-

tent jurisdiction, *or the adverse claim waived.* The settlement of the controversy or the waiver of the adverse claim does not necessarily depend upon a verdict of a jury. An adverse claim may be waived by failure to file it within the statutory period; by a voluntary dismissal of it in the land office prior to the commencement of the action; by a transfer to the applicant of the interests of the adverse claimant, or by dismissal of the action instituted in support of it. *Lindley on Mines,* Vol. 2, § 766. Upon principle, there can be no difference between waiving the adverse claim by a transfer to the applicant of the interests of the adverse claimant through the latter's positive action, and the transfer of such interests by operation of law. In either event the controversy is settled.

Nor is the appellant in a position to complain that the court first determined the equitable matter raised by the cross-complaint. In any event, the result, when such matters were established by proof, would have been the same, and he is in no wise injured by the action of the court in the premises. Upon the whole record we are satisfied the judgment is right, and it is, therefore, affirmed.

*Judgment affirmed.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GARRIGUES concur.