## No. 11,310.

### BUTTS v. SAUVE, TRUSTEE.

Decided March 29, 1926.   Rehearing denied May 3, 1926.

Adverse mining suit.   Judgment for defendant.

*Affirmed.*

1. VERDICT—*Directed—Motion by Both Parties—Effect.* At the close of the evidence in a jury trial, motion by both parties for a directed verdict leaves the case to the court.

2. APPEAL AND ERROR—*Adverse Mining Suit.* In an adverse mining suit, where a directed verdict is supported by some evidence, the judgment will not be disturbed on review.

3. MINES AND MINING—*Adverse—Failure of Plaintiff.* In an adverse mining suit, if plaintiff fails to show a right in himself, he cannot object to the insufficiency of pleading or proof of defendant.

*Error to the District Court of Clear Creek County, Hon. S. W. Johnson, Judge.*

Mr. JOHN J. WHITE, for plaintiff in error.

Mr. ERNEST MORRIS, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

BUTTS was defeated in an adverse suit brought by him against Sauve, to recover that portion of the Moraine placer, claimed by the latter, which was covered by the Homestake and Four Brothers lode claims, claimed by the former. The court directed a verdict for defendant and plaintiff brings error.

He claims there is no evidence to support the judgment.

At the close of the evidence both sides moved for a directed verdict, which, under our decisions, left the case to the court. *Saxton v. Perry,* 47 Colo. 263, 269, 107 Pac. 281; *Auto Co. v. Petter,* 72 Colo. 570, 212 Pac. 823; *Boldt v. Motor Securities Co.,* 74 Colo. 55, 218 Pac. 743; *Catlin v. Moynihan,* 76 Colo. 164, 230 Pac. 1114. There was some evidence to support a finding that plaintiff's claim was not well founded and the consequent dismissal thereof; therefore we cannot disturb that part of the judgment, and, that being so, he has no standing to object that the defendant's claim was not supported by evidence. *Connolly v. Hughes,* 18 Colo. App. 372, 71 Pac. 681; *Kirk v. Meldrum,* 28 Colo. 453, 65 Pac. 633. It follows that the admission of improper evidence, if any was admitted, in support of defendant's title is not a matter of which plaintiff can now complain.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.

*On Rehearing.*

MR. JUSTICE DENISON.

The point was made that we were wrong in saying that a plaintiff who had shown no right in himself could not object to the insufficiency of the pleading or proof of the defendant in an adverse claim. It is true that *Thomas v. Chisholm,* 13 Colo. 105, 21 Pac. 1019, was reversed because the allegations and proof of the defendants were insufficient to support their claim to a patent from the United States, but it does not there appear whether the allegations and proof of the plaintiff were sufficient to support such claim for him. In *Kirk v. Meldrum,* 28 Colo. 453, 65 Pac. 633, it was held that a plaintiff in an adverse suit who had failed to prove a title as against the United States, i. e., his right to a patent, could not object to a mere dismissal of the suit without any judgment in favor of the defendant's title. The action of the lower court was upon motion for nonsuit. In *Connolly v. Hughes,* 18 Colo. App. 372, 71 Pac. 681, it was held that a failure by a plaintiff in an adverse suit to offer any evidence in his own behalf was a waiver of his claim so that he could not object afterwards that the defendants had not shown a right to a verdict and judgment in their favor.

Now we have a case where the plaintiff, as we have shown, must be assumed to have failed to prove his case as against the United States. What standing has he to object that the judgment is in favor of the defendant? We cannot see that he has any. The United States is not a party to the proceedings; at least one secretary of the interior has held that the land office is not bound by the decision of the court in an adverse suit; and the Supreme Court of the United States has spoken approvingly of that decision. *Perego v. Dodge,* 163 U. S. 160, 168, 16 Sup. Ct. 971, 41 L. Ed. 113. The federal district court of Wyoming, citing *Perego v. Dodge,* says that if a plaintiff

has no case it would be useless to require the defendant to proceed * * * "when that judgment would be merely advisory to the Interior Department"; and the court says that "the defendant in an adverse suit may not be required to himself pray for an adjudication in his own behalf, but may defend and defeat the plaintiff upon the weakness of plaintiff's own claim." Under these holdings and in reason there can be no answer to the proposition that a plaintiff in an adverse suit who has failed to prove his case as against the United States is not in a position to object that the defendant has failed to prove his as against the United States. The United States will take care of that before it grants a patent. When the plaintiff shows, prima facie, a right to a patent, a different question is presented.

The motion for rehearing is denied.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.