## DURGAN v. REDDING.

(Circuit Court, N. D. California. August 23, 1900.)

### No. 12,728.

1. PUBLIC LANDS—SUIT TO DETERMINE ADVERSE CLAIM—PLEADING.

    A complaint in a suit under Rev. St. § 2326, in aid of an adverse claim filed to public lands, which alleges that the land is valuable mineral ground, constituting a part of a claim taken by plaintiff under the mining laws, and which has ever since been, and is still, occupied and held by him thereunder, and that defendant is seeking to obtain title thereto as a mill site, states a cause of action under the statute, the purpose of which is to provide for a suit to determine the right of possession as between the adverse claimants in aid of the land department.

2. SAME.

    Such a complaint, although filed in a state court, and framed to conform to the requirements of Code Civ. Proc. Cal. § 307, which provides for but one form of action, alleges, in effect, that plaintiff is in possession of the land in controversy, and contains all the essentials of a bill in equity to quiet title, which renders it sufficient on a removal of the cause into a federal court.

Action to determine the right of possession involved in an adverse claim to certain mining ground, pursuant to section 2326 of the Revised Statutes of the United States. On demurrer to complaint.

F. P. Otis, for plaintiff.

Myrick & Deering and J. F. Rooney, for defendant.

MORROW, Circuit Judge. This is an action brought by the plaintiff, a resident and citizen of the state of California, pursuant to the requirements of section 2326 of the Revised Statutes of the United States, to determine his right of possession to certain mining ground situated in Tuolumne county, Cal., upon an adverse claim filed by the plaintiff as against the claim of the defendant, and pending in the United States land office at Stockton, Cal. The action was commenced in the superior court of the state of California for the county of Tuolumne, and was removed to this court upon the petition of the defendant showing that he was a resident and citizen of the state of New York, and that the matter in dispute exceeded, exclusive of interest and costs, the sum or value of $2,000. The complaint alleges that on May 21, 1897, plaintiff entered upon and located a quartz mining claim in Tuolumne county, Cal., known as the "Gold Brick Quartz Claim," being 1,221 feet in length along the vein by 300 feet in width on each side of the center thereof; that he duly posted notice of his location, and on May 24, 1897, duly recorded a copy of this notice in the mining records of Tuolumne county; that since May 21, 1897, plaintiff has continued to hold, occupy, and work said claim according to law, and has done the required amount of assessment work upon it; that defendant has, by the attempted location of an alleged mill site, known as the "Alabama Mill Site," entered upon and now claims a certain portion of the said Gold Brick quartz mine; that the Gold Brick quartz mine is valuable mineral land, and the Alabama mill site is all mineral land containing a quartz vein with gold in paying quantities; that on or about April 16, 1898, defendant caused to be filed in the United States land office at Stockton, Cal., his application for a patent for said Alabama mill site, and for the Alabama Consolidated quartz mine, and in his application for patent included the said portion of the Gold Brick quartz claim; that defendant's application was received and filed by the officers of the land office, who thereupon issued notice of defendant's application for a patent for the mill site and the Alabama Consolidated quartz mine, and duly published the same in a Tuolumne county newspaper; that thereafter plaintiff filed his adverse claim in the land office, duly verified, and that the register, on August 1, 1898, made an order suspending all proceedings in the matter of the application for said patent, and directing plaintiff, as adverse claimant, to commence proceedings within 30 days, in a court of competent jurisdiction, to obtain the determination of the question of the right of possession to said mining claim. Plaintiff further alleges that the claim of defendant to that portion of the Alabama mill site in conflict with the Gold Brick quartz claim is without right, and that defendant has no right, title, or interest in or to the same, or any part thereof. Plaintiff prays judgment that he be entitled to the possession of all that portion of the Gold Brick quartz claim embraced within the Alabama mill site; that defendant be debarred from asserting any claim to the said lands and premises adverse to plaintiff; and for further relief. When the de-

fendant filed his petition in the state court for the removal of the cause to this court, he also filed a demurrer to the complaint on the ground that the court had no jurisdiction of the subject-matter of the action, for the reason that it appeared from the complaint that the subject-matter of the action is a piece or parcel of land embracing about five acres, the title of which is in the United States; that the plaintiff claims the land as mineral land, and the defendant claims the same as a mill site; that the only question involved is as to whether the land in controversy is mineral or nonmineral, and whether it is more valuable for mineral than it is for the purpose of a mill site. It is alleged in the demurrer that this controversy is a subject over which the land department of the United States has sole and exclusive jurisdiction. A further ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action against the defendant.

The allegations of the complaint show that the plaintiff entered upon the mineral ground described in the complaint, and located the same as a mineral claim upon a vein or lode of quartz; that the claim is valuable mineral land, and contains a well-defined quartz claim valuable for the gold contained therein; that ever since the entry and location of this land by the plaintiff he has continued to hold, occupy, and work said claim according to law, and has done the required assessment work thereon; that a portion of this claim has been entered upon and claimed by the defendant as a mill site; that the portion of the claim in conflict and claimed by the defendant as a mill site is mineral land containing gold in paying quantities. For the purposes of this demurrer the allegations of the complaint that the plaintiff's claim is for valuable mineral land must be taken as true. The mineral character of the land being, therefore, conceded, and the fact that the plaintiff has entered upon the ground and located it as mineral land under the laws of the United States, and has continued to hold, occupy, and work it as a quartz mining claim, disposes of any question as to the mineral character of the claim, so far as this demurrer is concerned. The question to be determined is, therefore, the right of possession to the surface of the ground in controversy, and this is the precise question required by section 2326 of the Revised Statutes to be decided by a court of competent jurisdiction. The section provides:

"Where an adverse claim is filed during the period of publication, it shall be upon the oath of the person or persons making the same, and shall show the nature, boundaries, and extent of such adverse claim, and all proceedings, except the publication of notice and making and filing of the affidavit thereof, shall be stayed until the controversy shall have been settled or decided by a court of competent jurisdiction, or the adverse claim waived. It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim."

In Perego v. Dodge, 163 U. S. 160, 165, 16 Sup. Ct. 973, 41 L. Ed. 117, the chief justice of the supreme court, in commenting upon the requirements of this and the preceding section, said:

"Thus the determination of the right of possession as between the parties is referred to a court of competent jurisdiction in aid of the land office, but the form of action is not provided for by the statute; and, apparently, an action at law or a suit in equity would lie, as either might be appropriate under the particular circumstances,—an action to recover possession when plaintiff is out of possession, and a suit to quiet title when he is in possession."

The contention of the defendant that this court has no jurisdiction of the cause of action set forth in the complaint must, therefore, be overruled.

The only remaining question is as to the form of the action, which, although not discussed by counsel with reference to the distinction observed in courts of the United States between cases at law and in equity, may nevertheless be considered under the objection that the complaint does not state facts sufficient to constitute a cause of action. In Perego v. Dodge, supra, the court points out that the form of the action is not provided for by the statute, and may be either an action at law or a suit in equity, as the circumstances of the case may require. The complaint in this case appears to be in the nature of a bill in equity, but it was prepared for a state court, and was evidently designed to state a cause of action under the Code of Civil Procedure of this state, which provides in section 307 but one form of civil action "for the enforcement or protection of private rights and the redress or prevention of private wrongs"; and in section 738 it is further provided that "an action may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claim." The question arises whether the complaint is sufficient as a bill in equity in a court of the United States, where a distinction between the legal and equitable rules governing procedure and remedies under the two systems is still maintained. Is it sufficient, in a controversy of this character, under section 2326 of the Revised Statutes, that the plaintiff alleges in effect that he is in possession of the land in controversy? This was one of the questions before the court of appeals of this circuit in the case of Mining Co. v. Rutter, 31 C. C. A. 223, 87 Fed. 801, 59 U. S. App. 538. It was there held:

"Whatever may be said of the nature and character of these proceedings (authorized by said section 2326 of the Revised Statutes) when tried in the state courts, where the statutes have, as to the forms of action, abolished the distinction which exists in the national courts between law and equity, it must be conceded that such proceedings are of an equitable nature, and, when brought in the national courts, are to be tried as equity cases. The mere fact that in certain cases an action at law has been deemed sufficient does not change the equitable character of the suit. The suit is brought for special relief, and the judgment required to be entered is such as a court exercising jurisdiction in equity alone could render."

It is clear that under these authorities the complaint is sufficient as a bill in equity to quiet the title of plaintiff, and the demurrer should be overruled, and it is so ordered.