BUTTE LAND AND INVESTMENT COMPANY et al., Respondents, v. MERRIMAN et al., Appellants.

(No. 2,090.)

(Submitted March 23, 1905.   Decided May 1, 1905.)

*Mines and Mining—Adverse Claims—Suits to Determine— Effect of Judgment—Parties.*

Mines—Adverse Suits—Government not Party—Effect of Judgment.
   1.   Under Revised Statutes of the United States, section 2326, the government is not a party to a suit to determine an adverse claim, except in so far as it has agreed to accept the judgment therein rendered as conclusive of the right of possession as between the contending claimants; and such judgment is not conclusive on a subsequent patentee from the government of land embraced therein, who was not a party, or privy to a party, to the suit in which the judgment was rendered.

Public Lands—Action Against Government.
   2.   One may not have his right to public land, as against the gov-
   ernment, determined by the courts in an action against the govern-
   ment.

Public Lands—Mining Claims—Adverse Suits—Effect of Judgment.
   3.   The adjudication in a state court in an adverse suit is not con-
   clusive of the prevailing party's right to the property in controversy
   as against the government, nor sufficient to devest the government of
   the title; neither is it of itself sufficient to entitle the prevailing
   party to a patent.

*Appeal from District Court, Silver Bow County; E. W.
Harney, Judge.*

Action by the Butte Land and Investment Company and
others against R. O. Merriman and others.   From a judgment
for plaintiffs, and from an order denying a new trial, defend-
ants Merriman and Mason appeal.   Reversed.

*Messrs. Kirk & Clinton,* for Respondents.

The court, in rendering judgment in causes Nos. 3620 and
3621, adjudged that there was no known vein or lode existing
at the date of plaintiffs' application for patent in the ground
in controversy in those two suits.   The location of the so-called
"Point Pleasant" and "Pleasant View" lode claims antedated
the location of plaintiffs' Butte and Boston placer claim.

A conflict between a lode claim located before the location
of the placer claim is the proper subject of an adverse suit.
(Lindley on Mines, c. 720, pp. 1303, 1304; *Cripple Creek etc.
Min. Co. v. Mt. Rosa M. & M. Co.,* 26 L. D. 622; *Wilson
Creek Con. Min. Co. v. Independent T. & M. Co.,* 1 Col. Dec.
Sup. 1; *Alice M. Co.,* 27 L. D. 661; *Daphne Lode Claim,* 32
L. D. 513; *Mt. Rosa M. M. & L. Co. v. Palmer,* 26 Colo. 56,
77 Am. St. Rep. 245, 56 Pac. 176; *Bennett v. Harkrader,* 158
U. S. 441, 15 Sup. Ct. 863; S. C., 23 L. D. 164; *Hopkins v.
Noyes,* 4 Mont. 550, 2 Pac. 280; *Raunheim v. Dahl,* 6 Mont.
167, 9 Pac. 892.)

The United States government was bound by the judgments
in cases Nos. 3620 and 3621.   The determination of ques-

tions, with respect to the right of possession as between adverse mineral claimants, rests solely with the courts. The manner in which the court ascertains the fact, whether by stipulation or otherwise, upon which it renders judgment, is a matter that in no degree affects the conclusive and binding force of such judgment upon the parties to the suit, and the land department, i. e., the government of the United States. (*In re Conway,* 29 L. D. 388; *Richmond M. Co.* v. *Rose,* 114 U. S. 576, 5 Sup. Ct. 1155; *Last Chance Min. Co.* v. *Tyler M. Co.,*. 157 U. S. 693, 15 Sup. Ct. 733; *Dahl* v. *Raunheim,* 132 U. S. 260, 10 Sup. Ct. 74; S. C., 6 Mont. 167, 9 Pac. 892; *Quirk* v. *Rooney* (Cal.), 62 Pac. 827.)

Defendants are in privity with the United States. A party claiming by location after proceedings for patent have been initiated is in privity with the United States and is bound by the decision of the land office devesting United States title. (*Uinta Tunnel M. & T. Co.* v. *Creid C. & C. etc. Co.,* 119 Fed. 165, 167.) The land office had jurisdiction of the matter in controversy between the said adverse claimants and the United States government, in the said adverse suits Nos. 3620 and 3621, and having referred the matter to the court, and having issued patent upon the judgments rendered by the court, the matter cannot be again litigated. (*In re Northern Pac. Ry. Co.,* 32 L. O. 342; *Barden* v. *Northern Pac. Ry. Co.,* 154 U. S. 288, 14 Sup. Ct. 1030; *Steel* v. *St. Louis Smelting etc. Co.,* 106 U. S. 447, 1 Sup. Ct. 389; *Burfenning* v. *Chicago St. P. Co.,* 163 U. S. 321, 16 Sup. Ct. 1018; *Johnson* v. *Towsley,* 13 Wall. 62; *Smelting Co.* v. *Kemp,* 104 U. S. 447; *Wright* v. *Roseberry,* 121 U. S. 488, 7 Sup. Ct. 985; *Heath* v. *Wallace,* 138 U. S. 573, 11 Sup. Ct. 380; *McCormick* v. *Hayes,* 159 U. S. 332, 16 Sup. Ct. 37; *Northern Pac. R. R. Co.* v. *Sanders,* 166 U. S. 620, 17 Sup. Ct. 671.)

"A patent issued in proper form upon a judgment rendered after a due examination of the subject by officers of the land department, charged with its preparation and issue, that the lands were nonmineral, would, unless set aside and annulled

by direct proceedings, estop the government from contending to the contrary and, in the absence of fraud in the officers of the department, would be conclusive proceedings respecting the title." (*Barden* v. *Northern Pac. Ry. Co., supra; McCormick* v. *Hayes,* 159 U. S. 332, 16 Sup. Ct. 37.)

*Mr. Alex. Mackel, Mr. J. L. Wines,* and *Mr. C. P. Connolly,* for Appellants.

A careful reading of section 2326 of the Revised Statutes of the United States relating to adverse claims shows that the question to be determined in case of an adverse claim is merely the question of possession. Possession was therefore the question, and the only question, at issue and adjudicated in the suits numbered 3620 and 3621. The judgment did not determine the question of whether or not there were any other known veins or lodes upon the ground which the placer claimants might have claimed, but which they did not claim, and which they therefore waived their right to by failure to pay the extra amount to the government; the judgments did not determine the question of whether or not the ground was placer ground; the question at issue was as to whether the lode claims were valid or the placer claims valid, and as to who was entitled to possession and to the better right to sue for patent. (*Aurora Lode* v. *Bulger Hill Placer,* 23 L. O. 95, 348. See 1 Lindley on Mines, 2d ed., sec. 413; also, *Reynolds* v. *Iron S. M. Co.,* 116 U. S. 687, 6 Sup. Ct. 601; *Iron S. M. Co.* v. *Mike & Starr M. Co.,* 143 U. S. 394. 12 Sup. Ct. 543; *Dahl* v. *Raunheim,* 132 U. S. 260, 10 Sup. Ct. 74; *Clary* v. *Hazlitt,* 67 Cal. 286, 7 Pac. 701; *Mt. Rosa M. M. etc. Co.* v. *Palmer,* 26 Colo. 56, 77 Am. St. Rep. 245, 56 Pac. 176; *McCarthy* v. *Speed,* 11 S. D. 362, 77 N. W. 590; *Waterloo M. Co.* v. *Doe,* 82 Fed. 45, 50; *Aurora Lode* v. *Bulger Hill Placer,* 23 L. D. 95.)

Before a judgment in one action can operate as a bar to another, it must appear that the precise question involved in the second action was raised and determined in the first. (*Bell* v. *Merrifield,* 109 N. Y. 202, 4 Am. St. Rep. 436, 16 N. E.

55; *Palmer* v. *McMaster,* 10 Mont. 390, 25 Pac. 1056; *Meyendorf* v. *Frohner,* 3 Mont. 318; *Kleinschmidt* v. *Binzall,* 14 Mont. 31, 54, 43 Am. St. Rep. 604, 35 Pac. 460.)

A judgment in an action to recover the possession of real property under the Code of Civil Procedure is conclusive between the parties and their privies as to all matters put in issue and passed on in the action, and is a bar to another action between them when the same matters are *directly* in issue. The bar of such a judgment is, however, limited to the rights of the parties as they existed at the time when it was rendered, and neither the parties nor their privies are precluded from showing in a subsequent action any new matters occurring after its rendition, which give the defeated party a title or right of possession. (*Thrift* v. *Delaney,* 69 Cal. 188, 10 Pac. 475; *Caperton* v. *Schmidt,* 26 Cal. 479, 85 Am. Dec. 187; *Mahoney* v. *Van Winkle,* 33 Cal. 458; *Montgomery* v. *Whiting,* 40 Cal. 299; *Amesti* v. *Castro,* 49 Cal. 325; 1 Herman on Estoppel, sec. 93; *Merriman* v. *Bachioni,* 112 Cal. 195, 44 Pac. 481; *Breon* v. *Robrecht,* 118 Cal. 471, 62 Am. St. Rep. 247, 50 Pac. 689, 51 Pac. 33.)

The former judgment of a court having jurisdiction over the subject matter and the parties is a bar to a second suit upon the same cause of action between the same parties or those claiming under them, and such a judgment is conclusive upon any question *directly* involved in the suit, and upon which it depends, although the subject matter of the second action be different. It must appear, however, that the subject matter or question was not only the same, but that it was submitted on its merits and actually passed upon by the court. (*Gray* v. *Dougherty,* 25 Cal. 272, 273.) For general discussion of the principle of estoppel by record, see 1 Herman on Estoppel, secs. 94-111; *Packet* v. *Sickels,* 5 Wall. 592; *Maloney* v. *Finnegan,* 40 Minn. 281, 41 N. W. 979. The government was not in any sense a party to the actions numbered 3620 and 3621. (*Perego* v. *Dodge,* 163 U. S. 168, 16 Sup. Ct. 971.) When a judgment or decree is rendered by consent, or is the result of

a compromise, it cannot be admitted as *res adjudicata*. (*Wadhams, et al.* v. *Gay,* 73 Ill. 434; *Mussey* v. *Bates,* 65 Vt. 449, 27 Atl. 167, 21 L. R. A. 517.) The judgments in causes numbered 3620 and 3621 were entered in accordance with stipulation of the parties.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On December 20, 1890, S. V. Kemper and Josephine Lorenze, the predecessors in interest of these plaintiffs, located the Butte and Boston placer mining claim in Silver Bow county, Montana, and on May 11, 1891, made application in the land office for patent therefor. Thereupon Charles S. Passmore and another filed their protest and adverse claim to a large portion of the ground included within such placer location, basing their rights upon the Pleasant View lode claim and the Point Pleasant lode claim. The adverse claims were allowed, and, within the time limited by law, adverse suits were duly commenced in the district court for Silver Bow county, and such proceedings had therein that in each of these suits a judgment in favor of the defendants Kemper and Lorenze was duly entered, a certified copy thereof filed in the land office, and on December 19, 1895, a patent was issued for the placer claim to Kemper and Lorenze, the applicants therefor. In January, 1901, this action was commenced by these plaintiffs, who had succeeded to the interests of Kemper and Lorenze, against the defendants Merriman, Mason, MacGinniss, and Heinze, for damages for ores alleged to have been taken from the ground within the Butte and Boston placer, and for an injunction to restrain further mining operations by such defendants.

Defendants MacGinniss and Heinze answered, disclaiming any interest in the property, and denying any trespass upon it. The defendants Merriman and Mason answered, denying the allegations of plaintiffs' complaint, and, by way of an affirmative defense or counterclaim, set forth that the plaintiffs' claim

to the property in controversy is founded upon the Butte and Boston placer patent; that, at the time application for such patent was made, there existed within the confines of such placer claim a known lead or lode of rock in place, bearing gold, copper and other valuable minerals; that, by direct reservation in the placer patent, this known lead or lode was excepted from the grant to Kemper and Lorenze; and that thereafter, on March 19, 1900, Kift and Knoyle duly located on such known lead or lode the Hornet quartz lode mining claim; that they duly complied with the laws, rules, and customs in completing such location and filing for record a sufficient declaratory statement; that by mesne conveyances these defendants, Merriman and Mason, succeeded to the rights of Kift and Knoyle; that the Hornet lode claim covers the same ground and is part and parcel of the ground claimed by the plaintiffs as the Butte and Boston placer; that thereafter, in May, 1900, defendant Merriman located on such known lead or lode the Gulf, Hope, Rabbit and Olivia quartz lode mining claims; that he complied with the laws, rules and regulations in completing each of such locations, and filed proper declaratory statements therefor; that each of these claims is part and parcel of the same ground that is claimed by the plaintiffs under the patent for the Butte and Boston placer; and that by mesne conveyance defendant Mason became the owner of a one-half interest in and to each of these last-mentioned lode claims.   It is then set forth that J. H. Burns, William Burns, James Doyle and Perry Delmas claim some interest in the disputed premises adverse to these defendants.   The prayer of the answer is that Burns, William Burns, Doyle, and Delmas be brought in, and be required to set up their interest, that the same may be adjudicated; that these defendants, Merriman and Mason, be adjudged to be the owners of the ground comprised within the limits of their several lode claims; and that the other parties to the action be enjoined from trespassing upon or mining ores in such claims.   By order of the court, J. H. Burns, William Burns, Doyle, and Delmas were brought in, and set forth that

they were lessees operating in the disputed ground under a lease from the plaintiffs.

To the answer and counterclaim of defendants Merriman and Mason, the plaintiffs replied, denying that at the date of the application for patent to the Butte and Boston placer there was any known lead or lode within the ground embraced within the placer application, denying the other allegations of the answer, and pleading the former adjudication in the suits by Passmore and others against Kemper and others, numbered 3620 and 3621, as estoppels against the defendants Merriman and Mason.

On June 5, 1903, the cause came on for trial before the court, sitting with a jury, whereupon the following proceedings were had: To sustain the allegations of their complaint and reply, the plaintiffs introduced in evidence the records of the location of the Butte and Boston placer; the application for patent therefor; protest and adverse claim of Passmore and others; the conveyances by which these plaintiffs succeeded to the interests in the ground in dispute; proof of the conflict between the Butte and Boston placer and the Pleasant View and Point Pleasant lode locations, and showing that the Butte and Boston placer ground was not all comprised within those lode locations; the patent to the Butte and Boston placer; and the judgment-rolls in causes 3620 and 3621.   They then waived their claim for damages and rested.   The defendants Merriman and Mason then sought to show that at the date of the application for patent for the Butte and Boston placer there existed a lead or lode of rock in place, bearing gold, copper and other valuable minerals, which lead or lode was known to Kemper and Lorenze, the patentees; but this was objected to as to any portion of the ground within the boundaries of the Butte and Boston placer which had been embraced within either the Pleasant View or Point Pleasant lode claims, and this upon the theory that it was an attempt to impeach by oral testimony the judgments in causes Nos. 3620 and 3621.   This objection was sustained by the court in the following language: "My

holding, understand, as to this area in conflict, is that that was tried and a judgment was entered, and that that is conclusive as to that area. But from the map here there is an area outside of that to the east, and this evidence might be competent as to that portion. I will sustain this objection, unless shown to be without or on the outside of the area in conflict with the Point Pleasant and Pleasant View, and involved in the controversy in those two causes." Further examination of the witness then on the stand developed that, at the time application for the Butte and Boston placer patent was made, there was no known lead or lode within the boundaries of that claim, and without the boundaries of either the Pleasant View or Point Pleasant lode claim; and counsel for the defendants Merriman and Mason then renewed their attempt to show that there was such known lead or lode within the confines of the Butte and Boston placer, and within the ground claimed by the Pleasant View and Point Pleasant lode claims, at the time application was made for the Butte and Boston placer; but all this evidence was excluded, and all further offers of this character of proof rejected, upon the theory that the judgments in 3620 and 3621 were conclusive of the fact that at the date of the application for patent to the Butte and Boston placer there was no known lead or lode within its boundaries.

Upon the conclusion of the testimony the court gave to the jury an instruction as follows: "The court instructs the jury that plaintiff has introduced in evidence documentary proofs, free from legal objection, showing title to all ground in controversy to be in them; that defendants have offered no competent or material evidence contradicting plaintiffs' proof. You are therefore instructed to find a verdict to the effect that plaintiffs are the owners and entitled to the possession of all ground in controversy in this action." In compliance with this instruction, the jury returned a verdict in favor of the plaintiffs, and a judgment was entered thereon, from which judgment, and an order overruling their motion for a new trial, defendants Merriman and Mason appealed.

The only question for determination is, are the judgments in causes Nos. 3620 and 3621 conclusive, as against the defendants Merriman and Mason, of the fact that, at the date of the application for the patent to the Butte and Boston placer claim, there was not any known lead or lode within the boundaries of that claim? If this is answered in the affirmative, then the ruling of the trial court was correct; if not, then it was erroneous.

Under the pleadings in causes 3620 and 3621 it may be conceded, for the purpose of this decision, that, as between the parties to those actions and their privies, there was an adjudication of that fact. It is also a conceded fact that defendants Merriman and Mason were not parties to either of those actions, and are not claiming under anyone who was designated as such. But on behalf of respondents here it is contended that, though not nominally a party, yet, as a matter of fact, the United States government was actually a party, and as such was bound by the judgment in each of those actions, and, as the only claim of defendants Merriman and Mason is founded upon rights acquired from the government by virtue of their lode locations, therefore they are in privity with the government, and likewise bound to the same extent as though actually parties by name.

But in what sense was the government a party to either of those suits in the district court? It was not a party plaintiff asserting any right, and it has never consented to be made a defendant and to be sued in the state courts; neither did it intervene to have any supposed right of its own adjudicated. But it is contended that the government is bound by the judgment in an adverse suit, and *Last Chance M. Co. v. Tyler M. Co.,* 157 U. S. 694, 15 Sup. Ct. 737, 39 L. Ed. 859, is cited in support of this contention. In the course of the opinion in that case it is said: "An applicant for public lands cannot have his right thereto as against the government determined by the courts in a suit against the latter. (*United States* v. *Jones,* 131 U. S. 1, 9 Sup. Ct. 669, 33 L. Ed. 90.) The only

jurisdiction which the district court could have was of a controversy between individual claimants; and, though its judgment is by statute made conclusive upon the government of the rights of the party in whose favor the judgment goes, it is none the less true that the condition of jurisdiction is a controversy between individual claimants."

Section 2326, Revised Statutes of the United States (United States Compiled Statutes of 1901, page 1430), which makes provision for the proceedings to be had in case an adverse claim be filed to an application for patent, among other things provides: "It shall be the duty of the adverse claimant, within thirty days after filing his claim, to commence proceedings in a court of competent jurisdiction, to determine the question of the right of possession, and prosecute the same with reasonable diligence to final judgment; and a failure so to do shall be a waiver of his adverse claim. After such judgment shall have been rendered, the party entitled to the possession of the claim, or any portion thereof, may, without giving further notice, file a certified copy of the judgment-roll with the register of the land office, together with the certificate of the surveyor general that the requisite amount of labor has been expended or improvements made thereon, and the description required in other cases, and shall pay to the receiver five dollars per acre for his claim, together with the proper fees, whereupon the whole proceedings and the judgment-roll shall be certified by the register to the commissioner of the general land office, and a patent shall issue thereon for the claim, or such portion thereof as the applicant shall appear, from the decision of the court, to rightly possess." This is the only provision under which the government has agreed to be bound by the judgment of a state court, if at all, and to what extent has it done so in this instance? It has said, in language which is free from ambiguity, that for the purpose of determining which, if either, of two claimants is entitled to possession of the ground in controversy, it will relegate them to the local courts, where such question may be determined, and, when determined,.

the government will accept the judgment as conclusive, as between the parties to it, of the right of the prevailing party to assert his claim before the land department.   In other words, the government has merely said that it will accept a certified copy of the judgment-roll in the adverse suit as a part of the prevailing party's proof before the land department, just as it has said it will accept the surveyor general's certificate that $500 worth of work has been done, or improvements made, as evidence of that fact.   The government is not bound by the adjudication, except in the limited sense that it has declared in advance by statute that it will accept the judgment as determinative of the single question—the right of possession—as between the contending claimants.   With any other question which may have been involved in the litigation the government has no concern.

The adjudication in the state court is not conclusive of the prevailing party's right to the property as against the government, nor sufficient to devest the government of the title; neither is it of itself sufficient to entitle the prevailing party to a patent.   In *Re Alice Placer Mine,* 4 L. D. 314, Mr. Justice Lamar, then Secretary of the Interior, said: "The judgment of the court is, in the language of the law, 'to determine the question of the right of possession.'   It does not go beyond that.   When it has determined which of the parties litigant is entitled to possession, its office is ended, but title to patent is not yet established.   The party thus placed in possession may 'file a certified copy of the judgment-roll with the register and receiver.'   But this is not all.   He may file 'the certificate of the surveyor general that the requisite amount of labor has been performed or improvements made thereon.'   Why file this, or anything further, if the judgment-roll settles all questions as to title and right to patent?   Clearly, because the law vests in the commissioner the authority and makes it his duty to see that the requirements of law relative to entries and granting of patents thereunder shall have been complied with before the issue of patent.   His judgment should there-

fore be satisfied before he is called upon to take final action in any case. In this case the judgment of the court ended the contest between the parties, and determined the right of possession. The judgment-roll proves the right of possession *only*. The applicant must still make the proof required by law to entitle him to patent. (*Branagan et al. v. Dulaney,* 2 L. D. 744.) The sufficiency of that proof is a matter for the determination of the land department. It follows, therefore, that further hearing may, if deemed necessary, be ordered, for the purpose of ascertaining with greater certainty the character of the land, or whether the conditions of the law have been complied with in good faith. To hold differently, and to say that, after the presentation of the judgment-roll, nothing remains for the commissioner save the ministerial acts of preparing and issuing patent, would be to say that the land department loses all jurisdiction in a case after commencement of suit by an adverse claimant. I am well satisfied that the law contemplates no such condition of affairs." This decision is cited with approval by the supreme court of the United States in *Perego v. Dodge,* 163 U. S. 168, 16 Sup. Ct. 971, 41 L. Ed. 113, where it is also said: "Thus the determination of the right of possession *as between the parties* is referred to a court of competent jurisdiction in aid of the land office."

The government might have made provision for such adverse controversies in the land office, for the disposition of the public lands is vested in the executive department of the government, and is a matter of administration rather than of judicature; but, owing to the limited facilities of the land office for conducting such trials, and for the better accommodation of contestants, they are relegated to the state courts where the land is situated.

To say that, in an adverse suit by A against B, either party can have his claim to a particular piece of mining ground litigated as against the government, is to say that one may do by indirection that which he cannot do directly, for it is settled beyond controversy that one may not have his right to public

land, as against the government, determined by the courts in an action against the government. (*United States* v. *Jones,* 131 U. S. 1, 9 Sup. Ct. 669, 33 L. Ed. 90; *Last Chance M. Co.* v. *Tyler M. Co., supra.*)

In speaking of these adverse suits in the state courts, the supreme court, in *Perego* v. *Dodge, supra,* further said: "It must be remembered that it is 'the question of the right of possession' which is to be determined by the courts, and that *the United States is not a party to the proceedings.* The only jurisdiction which the courts have is of a controversy between individual claimants, and it has not been provided that the rights of an applicant for public lands, as against the government, may be determined by the courts in a suit against the latter."

These considerations seem sufficient in determining that the government is not a party to an adverse suit; and as these defendants, Merriman and Mason, were not parties to either suit (3620 and 3621), and are not in privity with anyone who was, it follows, as a matter of course, that they are not concluded by the judgments rendered in those actions. (24 Am. & Eng. Ency. of Law, 2d ed., 724.) We are therefore of the opinion that the trial court erred in excluding the offered proof.

The judgment and order overruling defendant's motion for a new trial are reversed, and a new trial ordered.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.

Rehearing denied June 3, 1905.