CHAPIN et al. v. DOUGHERTY et al.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1910.)

No. 2,059.

EQUITY (§§ 165, 227[*])—JURISDICTION—WAIVER OF OBJECTIONS.

Objections to a bill to quiet title by demurrer or in the nature of pleas in abatement, such as lis pendens, adequate remedy at law, or challenging the jurisdiction of the court as shown by the bill, should be pleaded in limine, and insisted on before the taking of evidence.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 399, 513; Dec. Dig. §§ 165, 227.[*]]

Appeal from the Circuit Court of the United States for the Southern District of Texas.

Suit in equity by James E. Dougherty and others against D. B. Chapin and others. Decree for complainants, and defendants appeal. Affirmed.

James B. Wells and F. W. Seabury, for appellants.

Wm. Aubrey and Duval West, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Equitable jurisdiction to remove clouds from title to real estate is old and well-settled. Objection to the exercise of the same by demurrer or in the nature of pleas in abatement, such as lis pendens, adequate remedy at law, or challenging the jurisdiction as shown by the bill, should be pleaded in limine and decisions thereon provoked before taking evidence. See Equity Rule 39; 1 Daniel Chan. 555; Livingston v. Story, 11 Pet. 352, 9 L. Ed. 746; Wickliffe v. Owings, 17 How. 47, 15 L. Ed. 44; Wood v. Mann, 1 Sumn. 578, Fed. Cas. No. 17,952; Reynes v. Dumont, 130 U. S. 354, 395, 9 Sup. Ct. 486, 32 L. Ed. 934; Perego v. Dodge, 167 U. S. 160, 164, 16 Sup. Ct. 971, 41 L. Ed. 113.

While in the answer in this case the defendants say "that the complainants have a complete and adequate remedy at law for the determination of their title," no insistence appears to have been made thereon until final hearing. Further than this, we find that in the suits at law, wherein the defendants claim that the complainants had a complete and adequate remedy, the parties were not the same, nor were the issues involved such as to permit full and adequate relief. In the transcript are several so-called bills of exceptions showing defendants' objections to certain documentary and other evidence offered by the complainants, and admitted by the court. Treating these alleged bills as continuing motions to suppress evidence, we conclude that they are not well taken, and that as to the admission of said evidence the court correctly ruled.

We find the evidence in the case establishes the contentions of the complainants below, and as they are proved to have been in possession and control under title or color of title, so far as in the nature of the case such possession could be established, for over 50

---

[*]For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

years, and have paid all taxes upon the land in question, we think that the lower court correctly decreed in their favor, confirming their title and removing clouds thereon.

Affirmed.