## TONOPAH RALSTON MINING COMPANY *v.* MT. ODDIE UNITED MINES COMPANY

### No. 2713

September 4, 1926.                           248 P. 833.

1. MINING.
    Evidence *held* to sustain finding that notice of location was posted, location monument established, and location work done at point outside exterior boundaries of mining claim as staked on ground.

2. APPEAL AND ERROR.
    Rev. Laws, sec. 5327, authorizing appeals by aggrieved persons only, does not prevent person whose mining claim has been held invalid from contesting on appeal validity of conflicting claims.

3. MINING.
    Supreme court, affirming invalidity of appellant's mining claim, *held* nevertheless required to determine validity of appellee's conflicting claim, in view of act Cong. March 3, 1881 (U. S. Comp. St. sec. 4625).

4. MINING.
    Mining claim *held* invalid, under Rev. Laws, sec. 2423, where neither discovery shaft nor later work made any disclosure of "lode deposit of mineral in place."

5. MINING.
    Under Rev Laws, sec. 2423, a discovery at any place on claim before rights on same ground are acquired by another relates back and validates claim, though original discovery work was insufficient.

See 40 C. J. sec. 181, p. 786, n. 11, 15; sec. 183, p. 788, n. 44, 45; sec. 396, p. 885, n. 11; sec. 403, p. 889, n. 79 (new).

APPEAL from Fifth Judicial District Court, Nye County; *Frank T. Dunn,* Judge.

Action by the Tonopah Ralston Mining Company against the Mt. Oddie United Mines Company. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. **Judgment affirmed in part, and reversed in part, and rendered.**

*Cooke, Stoddard & Hatton,* for Appellant:

There is no evidence showing required location work, discovering mineral in place, was done on K. C. Fraction or K. C. Fraction D; hence claims are invalid.

Substantial prima facie case was made of location of Sarah prior to claims of defendant, which was not refuted.

Rule that verdict on conflicting evidence will not be disturbed relates only to substantial conflict. Findings and verdict must be supported by substantial evidence. State v. R. R. Co., 23 Nev. 283; 2 Hayne, New Trial and Appeal, 1623.

Litigant who fails to introduce any proof in support of his mining claim abandons contest and confesses he has no title. Government's interest in suit is proper subject for protection. Connolly v. Hughes, 71 P. 681.

Monumenting, occupancy, and work give protection against third parties, though not vested rights against government, even before discovery of mineral. Miller v. Chrisman, 73 P. 1084; United States v. M'Cutcheon, 234 F. 702.

Locator of unperfected claim should not be excluded from contesting validity of claim of adversary on appeal. He may be regarded as representative of government. In other jurisdictions than Nevada, in adverse suit, nonsuit precludes further participation, and subsequent action becomes ex parte proceeding in rem. Without judgment on merits there can be no res adjudicata. However, if respondent is successful on this appeal he can go before land office with judgment having appearance of res adjudicata; whereas, if appellant be not allowed to contest, judgment will be ex parte so far as appeal is concerned and not res adjudicata. If, as said in Upton v. Santa Rita Co., 89 P. 275, adverse suits are tried by state courts under arrangements of comity, consideration upon which comity is based should guide this court. Hilton v. Guyot, 40 P. 95; 11 C. J. 1236.

Courts should refrain from ordering nonsuits in mining contests. Comity requires rights of contestants be fully settled in state courts. Lozar v. Belli, 96 P. 343.

Decision goes far beyond question of right of possession and carries with it judgment roll (U. S. Rev. Stats. 2326), in which are findings that three claims of respondent are valid. It is against ex parte confirmation of judgment roll that we contend, and Golden Fleece Co. v. Cable Con. Co., 12 Nev. 312, and Rose v. Richmond Co., 17 Nev. 26, are not against us.

McCormack v. Parrott, 80 P. 1044, goes no farther than to hold that what may be viewed by court may be used in applying and weighing evidence, but not that it takes place of substantive evidence which is lacking.

Respondent offered in evidence certificate of location of Sarah. It is bound by it, vouches for its truth, and is estopped from impeaching it. Richardson v. Southwestern etc. Co., 81 P. 781; Hoffman v. Henricks, 17 Ann. Cas. 381.

*Wm. Forman* and *Wm. J. Forman,* for Respondent:

This is adverse suit, under U. S. Rev. Laws, 2366. Main question is whether ground upon which K. C. claims were located was open. Appellant claims Sarah was prior valid claim. Trial court found it was never valid for reason location monument, notice, and location work were outside exterior boundaries.

Appellant argues effect of relative weight of evidence. This court will not go into points which affect merely weight of evidence. Tonopah Co. v. Nevada Co., 30 Nev. 93.

Discovery must be within limits of claim. Rev. Laws, 2378; Lindley on Mines (3d ed.), 778.

Evidence of appellant and respondent directly conflict, and appellant's own evidence places location monument in three different places. Court was justified in finding for respondent, especially as it viewed premises.

In adverse suit each party must independently establish its own title. Golden Fleece Co. v. Cable Co., 12 Nev. 321; Bay State Co. v. Brown, 21 F. 167.

Only person aggrieved may appeal. Rev. Laws, 5327. One who asserts no title cannot attach title of another. Having no interest, he is a stranger; if he tries to interfere, he is intermeddler. Connolly v. Hughes, 71 P. 681.

Actual possession makes prima facie case and shifts burden. Golden Fleece case, supra; Rose v. Richmond Co., 17 Nev. 26.

Appellant cannot question sufficiency of work for first time on appeal. Patchen v. Keeley, 19 Nev. 404.

When it is necessary for plaintiff to prove as part of his case that defendant is making some claim, he does not, by introducing instrument showing defendant's claim, vouch for truth of very thing he is questioning. Douglass v. Huhn, 24 Kan. 766; 10 R. C. L. sec. 289; 4 Ency. Evi. 842.

## OPINION

By the Court, COLEMAN, C. J.:

Appellant, which was the defendant below, made application to the United States land office for a patent to the Sarah lode mining claim, situated in the Tonopah mining district. The respondent filed in the land office an adverse claim to the ground for which patent was sought under the Sarah location. The ground was claimed by respondent pursuant to the location of the K. C. No. 2, K. C. Fraction, and K. C. Fraction D lode mining claims, and in due time it instituted this suit in support of the adverse claim thus filed. Judgment was rendered in favor of the plaintiff, and the defendant has appealed from the judgment, and from the order denying the motion for a new trial. We will refer to the parties as they were designated in the lower court.

1. The defendant makes only two points on the appeal. The plaintiff contended in the lower court that the point at which the notice of location was posted, and at which the location monument was established, and where the location work was done on the Sarah, is outside of the exterior boundaries of the claim as staked upon the ground, and hence that the Sarah never became a valid location. The finding of the court is in accord with this contention.

One of the errors assigned and strenuously urged upon us by the defendant is that the finding of the court is not supported by substantial evidence. The K. C. claims were located about eighteen months after the Sarah claim was located. Several witnesses in behalf of the plaintiff testified that they were upon the ground in question at various times before and after the location of the K. C. group, and that they found a monument

purporting to be the Sarah monument, in which was the notice of location of the Sarah, and that such monument was outside of the exterior boundaries of the Sarah claim. Some of these witnesses also testified that they found no other monument upon the ground prior to the location of the K. C. group purporting to be the location monument of the Sarah claim.

To overcome the evidence of the plaintiff, the defendant produced testimony to the effect that there is a monument at the point within the exterior boundaries of the Sarah which, if it were the original location monument, would be sufficient to sustain the validity of the Sarah location. John A. Kendall, the witness chiefly relied upon by the defendant, testified that he located the Sarah claim, and that the location monument was built in approximately the middle of the claim, and that the notice of location was placed in the monument thus built. He also testified that the location work was done about two feet easterly from the location monument. In an amended certificate of location signed by the witness, the location work is described as having been done at a point ten feet north from the discovery monument. This witness also testified that the Sarah, as originally located, was the easterly extension of the Tregajorran claim, and that the west end corners of the Sarah were the same as the east end corners of the Tregajorran.

There is sufficient competent evidence in the record to sustain the finding of the trial court to the effect that the point at which the location monument of the Sarah was built, and at which the location notice was posted, was at the point as contended by the plaintiff. We do not think it necessary to review the testimony at length. We may say, however, since the result of the trial was dependent—so far as defendant is concerned—almost wholly upon the evidence of the witness Kendall, that it is inconsistent with itself on at least two or three phases of the case. Defendant's Exhibit A also shows that he was very much mistaken as to the exact location of the ground contained within the exterior boundaries of the Sarah, for this exhibit, which is a plat showing the relative position of the west end line of the Sarah and the

east end line of the Tregajorran, shows that, instead of the corners of said end lines being identical, as he testified, they are several hundred feet apart. This undisputed evidence, taken in connection with the evidence of Engineer Bruce, tending to show that the Sarah claim as originally located on the ground was in fact 925, instead of 600, feet wide, makes it easy to conclude that the witness Kendall might have been mistaken as to the point at which the location monument was erected. At any rate, the trial court rejected his testimony, and we cannot say that it was not justified in so doing.

2. It is next contended by the defendant that the evidence on the part of the plaintiff is insufficient to show a compliance with that portion of section 2423, Rev. Laws of Nevada (1912), which reads:

"The locator of the lode mining claim must sink a discovery shaft upon the claim located four feet by six feet to the depth of at least ten feet from the lowest part of the rim of such shaft at the surface, or deeper, if necessary to show by such work a lode deposit of mineral in place."

It is not asserted that the discovery work is not of the proper dimensions, but that the evidence fails to show a "lode deposit of mineral in place." Plaintiff asserts that, since the trial court held that the location of the Sarah claim is void, the defendant has no right to contest the validity of the locations of the claims in question, nor to appeal from the judgment, since, as it is said, section 5327, Rev. Laws, authorizes aggrieved persons only to appeal. If the contention as to the statute is sound, no losing party can appeal, and hence there would be no need for a supreme court as an appellate tribunal. We cannot accept this interpretation of the statute. Whether the location of the Sarah is valid is an open question until it is determined by this court.

It is asked: If the defendant does not own the land in controversy, how was it in any way injured by the findings of the lower court that the plaintiff owned it? In support of the contention made, our attention is directed to the case of Connolly v. Hughes, 18 Colo. App. 372, 71 P. 681. We do not think the case aids the plaintiff,

but, taking the case as a whole, it is against it.   There
the court, speaking of one who asserts no title in him-
self, observes that, having no interest of his own to be
subserved by the overthrow of the other's claim, he is
a stranger and an intermeddler.   It appears that in that
case the plaintiff introduced no evidence whatever in
support of his adverse claim.   The situation in that case
is very different from this one.   In the instant case both
parties are making vigorous claims to the ground.

But it is said by the plaintiff that in no event should
the judgment be disturbed, for the reason that in cases
of this kind each party must prove his claim to the
premises in dispute, and that the better claim prevail,
and that actual possession makes out a prima facie case,
and that, in proving possession, all that was necessary
for the plaintiff to show was the existence of clearly
defined surface claims under the K. C. locations, includ-
ing a quartz lode running with the claim and within the
lines of the disputed ground.   The case of Golden Fleece
Co. v. Cable Con. Co., 12 Nev. 312, is cited to sustain
this contention.   That decision was rendered in 1877,
and it was the law until Congress passed the act of
March 3, 1881 (U. S. Comp. St. sec. 4625), which reads:

"That if, in any action brought pursuant to section
twenty-three hundred and twenty-six of the Revised
Statutes, title to the ground in controversy shall not be
established by either party, the jury shall so find, and
judgment shall be entered according to the verdict.   In
such case costs shall not be allowed to either party, and
the claimant shall not proceed in the land office or be
entitled to a patent for the ground in controversy until
he shall have perfected his title."

Since this act went into effect, it has "become neces-
sary that the decision, whether by the court or jury,
must show not only that the successful party is entitled
to the possession against his opponent, including the
government, but also as against all others including the
government, and by a compliance with all the laws
applicable.   *   *   * "   Burke v. McDonald, et al., 2
Idaho, 679, 33 P. 49.   As said by Mr. Lindley in his work
on Mines:

"In the ordinary action of ejectment, a defendant may rely upon the weakness of plaintiff's title; but in the proceeding contemplated by the Revised Statutes, in the light of the amendment of March 3, 1881, both parties are regarded as actors." 2 Lindley on Mines (2d ed.), sec. 763.

Such is the uniform rule. McGinnis v. Egbert, 8 Colo. 41, 5 P. 652; Gwillim v. Donnellan, 115 U. S. 45, 5 S. Ct. 1110, 29 L. Ed. 348; Perego v. Dodge, 163 U. S. 160, 16 S. Ct. 971, 41 L. Ed. 113.

3. Having taken the view that the defendant had the right to appeal, it is our duty to determine every question presented, including that of plaintiff's title to the ground in question. This brings us to a consideration of the contention on the part of the defendant that the shaft was not sunk to a depth to disclose a "lode deposit of mineral in place."

4, 5. It is conceded by the plaintiff that no "lode deposit of mineral in place" was disclosed in the discovery shafts of the K. C. Fraction and the K. C. Fraction D, but it contends that there were such disclosures at other points on these claims, and that such disclosures suffice. It is the settled law of this state that, if there is a discovery at any place on the claim before any rights are acquired to the same ground by another, such discovery relates back and validates the claim. Patchen v. Keeley, 19 Nev. 404, 14 P. 347; Gibson v. Hjul, 32 Nev. 360, 108 P. 759; 1 Lindley on Mines (2d ed.), sec. 335. But in the instant case there was proof of such discovery on the K. C. Fraction D only, and not on the K. C. Fraction. It follows, from what we have said, that the judgment of the lower court must be modified.

It is ordered that the judgment appealed from be affirmed as to the Sarah, the K. C. No. 2, and the K. C. Fraction D, and that it be reversed as to the K. C. Fraction lode mining claims, and, as to the claim last named, that a judgment be entered as directed by the act of Congress above quoted.